# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE AMBER OWENS,

      Debtor,

Bankruptcy Case Number
20-82384-CRJ-7

AMBER OWENS,

      Plaintiff,

v.

Adversary Proceeding No.

BRIDGECREST CREDIT COMPANY, LLC,

      Defendant.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Amber Owens ("Owens"), makes the following allegations in her complaint against the Defendant, Bridgecrest Credit Company, LLC ("Bridgecrest").

## Parties, Jurisdiction, and Nature of Action

1. Owens is the debtor in the above-referenced Chapter 7 bankruptcy case which was commenced on November 12, 2020. Bridgecrest is a corporation organized and existing under the laws of the State of Arizona. At all times material to this complaint, Bridgecrest regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Owens did business with Bridgecrest within this district and division, and it is these business transactions that give rise to this litigation.

2. Bridgecrest is listed as a creditor in the schedules filed by Owens.

3. Despite having both notice and actual knowledge of the commencement of Owens's case, and filing a Motion for Relief from Stay in Owens's bankruptcy case, Bridgecrest sent Owens a letter in an attempt to collect a prepetition debt owed by Owens to Bridgecrest. The plaintiff asserts that the letter is not for informational purposes, but has the sole intention of coercing payment from Owens.

4. Owens brings this action to recover the actual damages she has sustained as a result of the defendant's willful violation of the automatic stay in this case and to recover punitive damages from the defendant for that violation.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Owens's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Owens and the defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

Further, Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of the stay provided by this section **shall recover actual damages, including costs and attorney's fees**, and in appropriate circumstances, may recover punitive damages."[2] In the case of Parker v. Credit Central South, Inc. (In re Parker), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

### Claim – Violation of the Automatic Stay

6. Owens incorporates by reference the allegations in paragraphs one through five of this complaint.

7. Bridgecrest is listed as a creditor in Schedule D of the Chapter 7 bankruptcy case filed by Owens for a loan secured by a 2015 Volkswagen Jetta. Owens's stated intent in the schedules was to surrender the vehicle. She did so.

8. As a result of Bridgecrest being listed as a creditor in the schedules filed by Owens, the defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Owens's bankruptcy case.

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).
[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Owens's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Bridgecrest from attempting to collect from Owens any pre-petition obligation owed by Owens to Bridgecrest.

10. Despite the imposition of the automatic stay by the commencement of this case, having both notice and actual knowledge of the commencement of this case, and filing a Motion for Relief in the debtor's bankruptcy case, Bridgecrest contacted Owens by letter in an attempt to collect from her a pre-petition obligation owed by Owens to Bridgecrest. Bridgecrest filed a Motion for Relief from Stay on 12/21/2020 in order to repossess Owen's vehicle. The Order Approving the Motion for Relief was entered by this Court on 1/12/2021. After the surrender of the debtor's vehicle, Bridgecrest sent Owens a letter on 2/5/2021 in an effort to collect a pre-petition debt owed by Owens to Bridgecrest. The letter states, among other things, that "As result of your default, we repossessed and sold the vehicle described above for $3700.00…... You remain liable to us for this deficiency, which you are required to **pay in full upon receipt of this communication**." The letter lists an "amount of deficiency" of $14,832.44. (See Exhibit 1 – Bridgecrest Letter 2-5-2021).

11. Under 11 U.S.C. §362(a)(6)

> **(a)**Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

The actions of Bridgecrest violate 11 U.S.C. §362(a) as set forth in this complaint.

12. Owens has sustained injury and damage as a result of the defendant's violation of the automatic stay.

13. The defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Owens is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Bridgecrest for its willful and intentional violation of the automatic stay. The post-petition letter, after the proper

surrender of a vehicle through a bankruptcy, is an indicator that Bridgecrest lacks proper systems and procedures to prevent violations of the automatic stay.

15. Owens was emotionally distressed as a direct and proximate result of the defendant's behavior.

**WHEREFORE**, Owens asks this court to enter an order:

(A) Awarding Owens compensatory damages against Bridgecrest including the reasonable attorney's fees and costs incurred by Owens in the preparation and prosecution of this adversary proceeding;

(B) Awarding Owens punitive damages against Bridgecrest for its willful and intentional violation of the automatic stay, such damages being intended to instill in Bridgecrest and other creditors due respect for this court and its orders and to deter them from taking similar action against Owens and similarly situated debtors in the future;

(C) Voiding the debt owed to Bridgecrest by Owens; and

(D) Granting Owens any additional or different relief this court deems appropriate.

Dated: 2/18/2021

Respectfully submitted,

/s/ John C. Larsen_____
John C. Larsen
Attorney for the Debtor/Plaintiff,
Amber Owens

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com